Lake City Enterprises, Inc. and Crystal Morgan Arguments not to exceed 15 minutes per side and 15 minutes will be shared by the respondents as 10 minutes for Mr. Gottlieb     and 15 minutes for Mr. Gottlieb and 5 minutes for Mr. English Richard Renner for the attorney petitioner, you may proceed Thank you, Richard Renner for petitioner Harry Smith I'd like to reserve 3 minutes for rebuttal I'd like to make 4 points during the oral argument First I'd like to address the jurisdictional issue Then I would like to address Don Morgan's individual liability Third would be the attorney fee issue and fourth is the non-intervention by the Morgans and Lake City Enterprises On the jurisdictional issue, there are 4 reasons why the November 2012 order did not start the clock for filing the petition for review in this matter. And the first is that it was never properly served on counsel for Harry Smith myself. And the supplemental record at Appendix 808-810 shows that I gave the Administrative Review Board notice of my new address and yet no service was made on that address at any time. Second, the Department of Labor itself did not treat that order as a final order The Surface Transportation Assistance Act provides that its final orders are enforced by the solicitor of labor. The statute does not give Harry Smith or his counsel the authority to go to court to enforce the final orders of the Department of Labor. Only the solicitor of labor can do that. And they have not done that in this case. They did not treat it as final to the point where they would proceed with enforcement of that order. And to this day, Harry Smith and I have yet to receive a single penny on the orders of the Department of Labor. Second, the ARB itself returned the file to the Administrative Law Judge for further processing on the fee petition. And third, when I made the motion to reopen the case at the Administrative Review Board the ARB decided it did not have jurisdiction because this court had jurisdiction because of the present petition for review. If the November 2012 order had been final, then this court would not have had jurisdiction, but the ARB did not see it that way. The third reason why it should not be treated as a final order is that the Floor Constructors case is not a controlling law and should not be persuasive law. It is based on the Supreme Court's decision in the Budinich case but that case was interpreting 28 USC 1291, which is the statute that controls proceedings under the Civil Procedure. And in particular, it is interpreting the word final in that statute. Here, the Surface Transportation Assistance Act does not use that word. So I don't see how Budinich interpreting the word final would apply. But more significantly, administrative law is different than civil procedure law. And the DC Circuit cases I cited, John Doe and Union Pacific make clear that in administrative law, the standard is supposed to be more flexible, is more flexible for the very purpose of avoiding piecemeal review. And indeed, that was the position Lake City Enterprises took in its petition for review to this court earlier. But finally, I would suggest that the Floor Constructors case is outdated in light of the Supreme Court decision last year in Wong, where the Supreme Court made very clear that there is a very high standard for Congress to make clear when it is depriving a court of jurisdiction to hear a proceeding. And the fourth reason is that this court's 2011 order in the Lake City Enterprises petition for review set the law that it is not going to review a proceeding until all the matters are resolved. That was the position that Lake City Enterprises took in that case. And I contend that it would be unfair to change it now. So are all matters resolved now such that there is a final enough judgment for us to review? Well, it is my contention that the September 12, 2013 order on attorney fees did resolve all matters. And the four corners of that document do not suggest that the ARB intends to take any further action on any issue. So if that's the key decision, my recollection, and please correct me, was that your filing was 61 days afterwards? Well, I think it was timely because of a Monday. Weekends. Okay. Something like that. Right. But it was November 12, 2013 is when I filed the petition for review here. And that kind of jumps me ahead here to the attorney fee issue because after the final order issued on September 12, 2013, which I did receive through ordinary service, the ARB issued another clarification order on September 30, but I remained completely unaware of it, even through the time that I filed my principal brief in this case, because it had never been served to me by any means. And it's my contention here that that order did not reopen the case because the ARB did not give notice to the affected parties of the reopening. So did they not make any effort to serve to the wrong address, or what exactly happened? Its certificate of service states that it was sent to my old address after I had given them notice of the correct address. And after they had served the September 12, 2013 order on the correct address. Why they would go back then and serve the old address is just baffling. I don't understand. But the main point I want to make about the attorney fee issue is that the whole thing is muddled. The Department of Labor was confused about whether the ALJ or the ARB was going to enter an order for the fees for the ancillary proceedings and the ARB law is that the ALJs will not do that. They'll only issue the fees for the proceedings before them. But then the ARB in its September 12, 2013 order did not address these issues of the ancillary proceedings and the fee claims for those. And when they issued the clarification order, and I believe the position of the Solicitor of Labor all suggest that the attorney fee issue should be remanded. My request to this Court is that it be remanded with directions to the ARB that they fully develop the record on all issues, clear up the model, and then see if anyone has any grounds to petition for review after they've done that. Let me turn back to my second point then, which is Don Morgan's individual liability. The main issue here is that the ARB erred in its holding that in order for Don Morgan to be individually liable he had to personally participate in the adverse action of terminating Harry Smith. That is just not the law. The law is that if by his actions he could be held to be a joint employer, then he is liable even if he did not personally participate in the adverse action. And here there's abundant evidence that Don Morgan held himself out as being a partner with his wife Crystal Morgan, as being a co-owner of the business. He told that to Scooter McNutt, to Harry Smith and his wife Michelle. He represented that to CRST when he negotiated the agency agreement that was Lake City's primary source of revenue. Is this something that we evaluate for substantial evidence support, whether there's substantial evidence supporting the administrative body's determination? My contention here is that they made an error of law. That would be de novo. Any error of law is an abuse of discretion. No court has said otherwise. And if it is going to evaluating the facts, is it the substantial evidence standard? Factual issues are reviewed on substantial evidence. I think that this issue could more fairly be characterized as a mixed issue of law and fact. That the determination of individual liability should be reviewed from the whole record with an understanding about what the purpose of the law is. And I think this purpose of the law is to assure that people who have the power to obtain lawful conduct by the employer should be held liable when they fail to exercise that power to obtain lawful compliance. And there's no dispute on this record. There's no petition for review from the finding that Harry Smith's termination was a violation of the Surface Transportation Assistance Act, a law that is intended to keep our highways safe by protecting truck drivers who raise safety concerns. And this court should hold that the issue of joint employer status or individual liability is this mixed question of law or fact. And particularly where the ARB has acted on an erroneous understanding of the law. Morgan should be treated as a joint employer even though you admit he's not, don't you? He's not an owner of the Lake City Enterprise? We found no direct evidence of that, but we did find repeated... You didn't find direct evidence that he is? No, but we did find... So you want us to impute ownership to him? And I know we have a doctrine that does it basically on estoppel principles, that if somebody represents themselves as something and the other side relies upon those representations reasonably to his detriment that we could impute that relationship. Here, how was there any detrimental reliance upon Donald Morgan's reputed ownership in the company by your client? My client relied on those representations in his protected activity. His concern was the trailer that Lake City and Don Morgan who was in charge of the equipment for Lake City Enterprises had assigned to him, that this trailer had been cut and re-welded and was not stable and was shaking on the highway and was going to cause an accident that could kill someone or kill the driver. And he raised that concern directly to Don Morgan because Don Morgan was in charge of the equipment. They had this breakfast meeting. Now you said that Don Morgan had nothing to do with this firing. Is that right? I said that was the reason the ARB gave for not imposing individual liability. Okay, I mean to tie this up he would have to have been involved in that too, wouldn't he? Would he not? No, he would not have to be. There's a stopple because they should have corrected it but your claim here is not failing to correct but retaliation, is it not? And Mr. Morgan was not the retaliator I think under your theory. He was simply the owner. The joint owner who was the subject, the target. I think you're missing an element here, that's all. Even under your theory? Our theory here is that the termination protected Don Morgan from Harry Smith's criticism. He was the beneficiary of that termination because the protected activity was targeted at his misconduct in failing to correct the safety issue with that trailer. And as long as he had the authority to stop it then he should have. The final point I want to make is that Don Morgan, Crystal Morgan and Lake City Enterprises never made any motion to intervene and should not be parties in this proceeding. Thank you very much. Thank you. May it please the Court. The triggering event for the 60 day time period is the issuance of the order, not the service of the order. Tell me, are you Mr. Gottlieb? I'm sorry, Mr. Gottlieb for the Secretary of Labor. The final order was issued in November 2012 and Mr. Smith did not file his petition for review until November 2013. The improper service of the order or the service to the former address of the attorney might be grounds for tolling a time period if the time period is subject to equitable tolling. Mr. Smith has not presented any authority for the proposition that a petition for review deadline can be equitably tolled. But the important point is there is no assertion that Mr. Manning did not receive the final order in time to file the petition for review within the 60 days. When does the record show that service was completed? Mr. Smith's supplemental fee petition shows that Mr. Renner analyzed an order of the ARB on December 6, 2012, which is 44 days before the deadline expired. The only order that could have taken time to analyze would have been the November 20, 2012 final order. To repeat, they've never asserted that he didn't get the order in time to file a timely petition for review. They are claiming that they relied on the dismissed the employer's petition as premature because the ARB had remanded the proceeding the 2010 order that remanded the proceedings back to the ALJ. But in that case, the ARB had remanded for considerations of the amount of back pay and front pay and other damage issues in addition to a motion to reconsideration. So there clearly was no final order. So why is the November 2012 order final? Because it resolved all issues in the case with the exception of attorney's fees, which it didn't even mention because the attorney's fees issue was actually under a separate docket. I don't want to blame Mr. Renner, but actually his notice of a change of address only included the docket numbers for the attorney's fees proceedings and neglected to put the ARB docket number for the order that became the final order in November 2012. I'm not saying the ARB shouldn't have caught the error or also served it as his current address, but again, I think the important point is he received the order in time to file the petition for review. Is that typical that you have a separate docket number for because the ALJ typically issues the merits decision and then gives the parties 30 days to file their petitions for attorney's fees and then parties can appeal and not appeal each order independently. If we were to get to the merits, the issue is Don, somebody who should be covered by the act, is that correct, should be treated as an employer? Correct. And as they said, Mr. Smith is incorrect that the ARB found that he wasn't liable because he didn't personally participate. They also found that he was not a joint employer and this is the doctrine that they admit was the appropriate standard to apply. There was no actually no estoppel argument made before the ARB. They cited the authority that allows a person to be individually liable if they personally participate in a retaliatory action or if they're a joint employer and therefore they can be held liable for the actions of the other employer. Did they apply the proper test according to both you and your opponent as to whether he was a joint employer? Yes, which is whether he had sufficient control over the conditions of employment and nothing that Mr. Smith points to shows that the ARB unreasonably determined that Mr. Morgan was not Mr. Smith's employer. Does it matter if Don was holding himself out as a key player in the Lake City enterprise? I don't think it does and there's no evidence that he was that he did do that. Mr. Smith himself said he didn't say he was the boss. He just assumed he was the boss. What was the evidence that was argued to us this morning? I mean, counsel cited a couple of examples. He didn't represent himself. He agreed to relay any concerns about the truck but he never said anything that he was the boss and that he had any authority. He certainly didn't say he had any authority over his employment. Regarding the fee award, it's immaterial that the ARB didn't expressly say that we intend to take further action. The fact remains that it didn't say that it wasn't going to take further action and there was an additional fee request for the work before the ARB and other tribunals that was not resolved by the fee award. And therefore, the fee award itself is not a final order. The sense that I got from your opponent was that we should remand for a determination finally of all fees and then an appeal would be appropriate by the losing party. Is that not correct? I don't think it should be a remand. I think the ARB has made clear it intends to take further action. Mr. Smith didn't see clarification when he was confronted with an order that didn't resolve his fee request before the ARB. It just immediately went to the court instead of asking for clarification from the... So we should sit and wait until the... No, no. You should just dismiss the petition. Then presumably they'll submit the clarification. That's what I mean by sit and wait. They haven't finished yet. Right. They haven't finished on the fee award. So all questions that were raised in front of us, such as the halftime for travel and the question about using Washington, D.C. rates, we would not decide under your position but would remain for an appeal of the final decision of the ARB on fees. Am I right? Correct. Certainly for the work before the ARB and other tribunals. I mean, in our view, you shouldn't reach it for any work. The whole purpose of a final judgment rule is to consolidate in one appeal everything that relates and depending on how the package is put together on any issue, one party may decide it's not worth appealing. Then we don't have to deal with it. And that applies whether it's an appeal from an agency or a district court order or whether the statute says it's final or the finality is implicit. The D.C. Circuit has said it applies to agency orders as well as the 11th Circuit. I've gone into my time. Well, Mr. Gottlieb, you apparently agreed to split time with Mr. English. Is that correct? So is that a recognition on your part that he actually is representing clients who are legitimately in front of us? I mean, there was no motion to intervene here. Well, my understanding is that the court named them as a party at the beginning of the case. So they probably didn't move to intervene because they thought they were named respondents from the beginning. Well, but that isn't what Rule 15D says. Uh-huh. Well, I didn't focus on it. I don't know if the Department has a position on the issue. But my understanding was that they were named as a party by the clerk's office from the beginning, and they can explain why they didn't move to intervene or not. Thank you. I'm going to split. My name is Brent English. I'm counsel for Lake City, Don Morgan and Crystal Morgan, who are now divorced. Both of them have filed bankruptcy petitions. Let me just focus on the one question that Your Honor, Judge Griffin raised with respect to estoppel and the joint employer issue. The evidence is quite clear that Don Morgan played no role in hiring Mr. Smith, in directing Mr. Smith, in discharging Mr. Smith or doing anything else that a typical employer would do. He did not set any terms of his in any manner in directing him whatsoever. That's what the record evidence shows. The relevant standard is whether there's substantial evidence to support the notion that he's a joint employer and the bodies below got this entirely right. He is in no way an employer under any reasonable concept. What Mr. Renner tried to argue subsequently is that because someone else in a different proceeding had a perception on what basis is hard to know, because we weren't a party to this proceeding, that there was somehow a partnership that was involved between Mr. Morgan and Mrs. Morgan, that that constitutes somehow newly discovered evidence that ARB should consider with respect to whether or not Don Morgan is in fact a joint employer. All of that evidence is in the record and the decision that the Administrative Review Board made was that if we had jurisdiction, we would not find that that constitutes any additional evidence to support joint employment and as a result we would not name Mr. Morgan under any circumstances. So I would ask you to affirm that issue and that's all I have to say. Thank you. Just a minute. There's still this The clerk may have included the name because the instructions to the clerk's office, as I understand it, is to put it on the docket as it was originally framed below. But that doesn't, I mean the fact that that happened doesn't mean that we've put down some order saying you're legitimately here when you didn't file a motion to intervene. Your Honor, I raised that only on his reply brief and what I would say to the court is that we were considered I think by all parties and we understood by the court that we were respondents in this proceeding. I think that the court has certainly the ability at this point to permit intervention for our purposes. And I so move. Thank you. Thank you. Mr. Renner? Let me briefly provide the record evidence about Don Morgan's role in hiring and directing Harry Smith and controlling the equipment that was the issue of the protected activity here. At appendix 309 is the testimony and cross-examination that Don is the one that told me in front of the truck not to let CRST inspect the truck. He was the one that assigned the equipment to Harry Smith. He's also the one who called Harry Smith to interview him on behalf of Lake City Enterprises after Harry Smith had applied to CRST for a job. Don Morgan is the one who handled the equipment according to Scooter McNutt and Scooter testified at appendix 274 that who are the owners? Don and Crystal Morgan. Who said that? This is Scooter McNutt, Harry Smith's co-worker. How does he have personal knowledge of... He worked with Don and Crystal Morgan. He was one of their employees. I know, but how does that give him knowledge of the ownership of it? I mean, as opposed to his speculation, his guess, what's the basis for his opinion? Well, he testifies that's what he was told when he was working there. He was told from somebody else? That's his hearsay information? No, no. This is an admission by Don and Crystal Morgan to Scooter McNutt. Is that what he said? That Mr. Morgan told him that he was an owner? Is that his testimony? More precisely, that it was Don. He was in charge of the equipment. You can have anybody be in charge. You can have some flunky be in charge of equipment. Yes, but in circumstances where Don and Crystal are holding themselves out as co-owners and partners, that's what they told Michelle Smith and Craig Smith at CRST when they were negotiating the agency agreement that was the basis of this whole transaction. Craig Smith testified that, well, Don and Crystal were essentially partners. They were husband and wife, but they also had a partnership with Lake City Enterprises. This is the evidence in another proceeding? That's correct. And how does he know that? Well, he's the one I have personal knowledge of that, as opposed to that's my thinking, that's my guess. If you read the transcript, Craig Smith is the one who handled that negotiation on behalf of CRST, and Don Morgan is the one who approached him. My impression was that they were co-owners or something. I mean, you have to have a basis for your opinions, that's all, and if you don't have a basis for it, it's not admissible. He had personal knowledge. It doesn't sound like he does. I mean, from what you read to me, those are just conclusory statements without any evidentiary support. I'm not reading you the entire record, but in the testimony, Craig Smith testifies that Don Morgan approached him on behalf of CRST to negotiate the agency agreement that was Lake City Enterprise's source of revenue. I'm just curious, if Don has declared bankruptcy and Crystal has declared bankruptcy, why do you care about Don? Well, this is the first notice I've had that Don Morgan filed a bankruptcy. I had not received notice of that before. I'd been hoping that he would be one possible avenue of collection. The other possible avenue is that at some point CRST may be found liable for these transactions as well, and they're liable.